### 5266.    GROOVER *et al. v.* DELOACH.

RUSSELL, C. J.   1. The defendants in an action on a promissory note moved to continue the case, on the ground that one of the defendants was too ill to be present in court, as appeared from the recitals in the certificate of his attending physician.   The plaintiff requested the appointment, by the court, of another physician, to examine this defendant and report to the court.   The physician appointed by the court testified that the defendant was at home in bed, claiming to be suffering from appendicitis, but that in his opinion as a physician, after an examination of the defendant, he was able to attend court; that, as a rule, appendicitis throws the patient into a fever, but the defendant had no indications of a fever, and was not swollen.   Upon this showing the court passed the case for the time.   A son of this defendant, upon the subsequent call of the case, testified that his father was ill in bed, and had been confined to his bed since before the case was originally called for trial.   This testimony was disputed, and a witness testified that he had seen this defendant in town and in the vicinity of the court-house during the week in which it was claimed by the defendants that he was confined to his bed.   No additional statement was made by the movant, when the case was finally called for trial, other than the statement of his counsel that efforts had been made to secure the at-

tendance and certificates of additional physicians, which, if satisfactory to the court, would, under the court's ruling, have secured the continuance desired by the defendant. A second certificate from the movant's physician, whose first certificate was not considered sufficient by the court, was then tendered, setting out the inability of the defendant to be in court. The court, after several postponements, finally overruled the motion for continuance and ruled the case to trial. *Held,* that while a party is entitled to be present at the trial of his case, still motions for continuance are addressed to the sound legal discretion of the court, and an abuse of this discretion is not shown merely because, in passing upon the issuable fact as to whether the party is able to attend court, or physically unable to be present, the court prefers to believe testimony which is sufficient to sustain a counter-showing, rather than that offered in support of the motion to continue. There was no error in refusing the motion for a continuance, nor in refusing a new trial.                                *Judgment affirmed.*

DECIDED JANUARY 20, 1914.

Complaint; from city court of Statesboro—Judge Strange. September 5, 1913.

*J. J. E. Anderson, H. M. Jones,* for plaintiffs in error.
*J. R. Roach, Brannen & Booth,* contra.